# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**UNITED STATES OF AMERICA**

**-vs-**                                             Case No. 6:08-cr-231-Orl-28KRS

**AEM, INC. d/b/a MIRABILIS HR, HOTH HOLDINGS, LLC, and MIRABILIS VENTURES, INC.,**

_____

## ORDER

This case is a stale and anemic remnant of the once robust prosecution of Defendant Frank Amodeo and the many corporate Defendants once under his control. The dispute has occupied a place on this Court's docket since October 30, 2008. In the beginning, the focus was on the individual Defendant Amodeo, who was responsible for the criminal conduct of all of the original corporate Defendants. Amodeo eventually entered a guilty plea and was sentenced to 270 months in prison.

Later, the charges against some of the corporate Defendants were dismissed by the Government. All that remain are the charges of conspiracy and wire fraud against Defendants AEM, Inc. d/b/a Mirabilis HR, Hoth Holdings, LLC, and Mirabilis Ventures, Inc. ("the Corporate Defendants"). At a hearing on June 16, 2010, I heard and accepted nolo contendere pleas from the Corporate Defendants. (See Hr'g Mins., Doc. 147). This Order sets forth the basis for acceptance of those pleas.

*Background*

On May 27, 2008, and June 5, 2008, the Corporate Defendants filed Chapter 11 voluntary petitions for bankruptcy. Thereafter, R.W. Cuthill was appointed Receiver of the Corporate Defendants and charged with the responsibility of liquidating their assets. The Indictment against the Corporate Defendants was filed on October 30, 2008.

Throughout the case, the attorneys for the parties have repeatedly sought continuances of trial, always professing a spirit of cooperation and optimism that the matter would result in pleas. More recently, the discussions included suggestions that the Corporate Defendants wished to enter nolo contendere pleas. It appeared to the Court that counsel were in agreement on this point, but the prosecutor candidly stated that he could not agree to nolo contendere pleas without permission from the United States Attorney and the Department of Justice. Ultimately, that permission was denied, and the case was set for trial. On May 21, 2010, the Corporate Defendants filed their "Motion for Court's Consent to Withdraw Plea of Not Guilty and Enter Plea of Nolo Contendere." (Doc. 139). The Government filed a response opposing the motion. (Doc. 141). As announced at the June 16 hearing and as set forth herein, the Corporate Defendants' motion is granted and their nolo contendere pleas are accepted by the Court.

*The Law*

The concept of a nolo contendere plea (also "nolo plea") is extraordinary. It is a means by which a criminal defendant may be subjected to punishment for an offense without explicitly admitting guilt. In fact, a "plea of nolo contendere is, for purposes of punishment, the same as the plea of guilty." Fed. R. Crim. P. 11 advisory committee's note (1974

Amendments). The difference is that a plea of nolo contendere is "viewed not as an express admission of guilt but as a consent by the defendant that he may be punished as if he were guilty and a prayer for leniency." North Carolina v. Alford, 400 U.S. 25, 35-36 n.8 (1970).

Although nolo contendere pleas are specifically authorized by Rule 11(a)(3), Federal Rules of Criminal Procedure, district courts have broad discretion in deciding whether they should be accepted. See United States v. Bearden, 274 F.3d 1031 (6th Cir. 2001). Historically, receptiveness to nolo pleas has varied greatly from court to court. Compare, e.g., United States v. Bagliore, 182 F. Supp. 714, 716 (E.D.N.Y. 1960) (taking a generally "hostile" view regarding nolo contender pleas), with United States v. Jones, 119 F. Supp. 288, 290 (S.D. Cal. 1954) (taking the opposite approach and determining that such a plea should be accepted absent compelling reasons for not allowing it). Whatever attitude a court may have toward the concept of nolo pleas, the Rule specifically provides that in exercising its discretion "the court must consider the parties' views and the public interest in the effective administration of justice." Fed. R. Crim. P. 11(a)(3).

While the view of the Government as to whether a nolo contendere plea should be accepted by the court is important, Rule 11(a)(3) does not make acceptance contingent upon Government consent. The Government's position, however, ordinarily has bearing on the ultimate question—whether the plea serves the "public interest in the effective administration of justice." Id. Answering this essential question requires a case-by-case analysis; nolo contendere pleas most often do not serve the public interest, but the circumstances of each case must be examined to determine the costs and benefits of such a disposition. The Court has engaged in such an analysis in this case and has determined the benefits of allowing

the Corporate Defendants to enter nolo contendere pleas outweigh the costs.

*Analysis*

There is no established formulaic approach to deciding whether a nolo contendere should be accepted. Nonetheless, reported cases give rise to a list of factors to be considered, and of course, the factors to be considered are likely to vary from case to case. Whatever factors a court elects to consider, "[t]he primary purpose of accepting a plea of nolo is to promote the administration of justice. This means justice not only for the defendant but also for the public." United States v. Chin Doong Art, 193 F. Supp. 820, 823 (E.D.N.Y. 1961).

This Court has considered the following factors in determining that the public interest in the effective administration of justice will be served by accepting nolo contendere pleas from the Corporate Defendants.

*1. The deterrent effect of the conviction will not be diminished if the Corporate Defendants enter nolo contendere pleas rather than guilty pleas.*

A plea of nolo contendere has no bearing on the sentence to be imposed. In this case, no individual will go to prison regardless of whether the plea is one of guilty or one of nolo contendere. The wrongdoer, Frank Amodeo, has already been sentenced to a lengthy term in prison, and a forfeiture judgment in the amount of $200 million has already been entered against all Defendants. Those penalties serve as a sufficient deterrent.

In some cases, a nolo plea may allow a defendant to later deny wrongdoing by pointing out that the plea was not one of guilty. Were there wrongdoers still involved in the management or ownership structure of the Corporate Defendants, this factor might weigh

in favor of not accepting the nolo plea. That, however, is not the situation at hand. The Corporate Defendants are now managed by the Receiver, who is attempting to liquidate the corporate entities. The Receiver became involved with the Corporate Defendants long after the criminal conduct giving rise to the charges in this case.

The deterrent value of the prosecution of this case will not be diminished by allowing the Corporate Defendants to enter pleas of nolo contendere.

*2. There is no representative of the Corporate Defendants with firsthand knowledge of facts that would be sufficient to constitute a factual basis upon which a guilty plea could be accepted.*

The Receiver is now the president of the Corporate Defendants, but as noted above, he had no involvement with them during the commission of the alleged crimes. The Receiver's assertion that he does not have knowledge of facts to support a plea of guilty is plausible. In fact, the only person who has been identified as having such knowledge is Mr. Amodeo, who is unavailable and no longer has standing to represent the Corporate Defendants.

This factor weighs in favor of allowing the Corporate Defendants to enter nolo contendere pleas.

*3. The nolo contendere pleas are being used to gain an advantage in civil litigation but not to avoid liability.*

Nolo contendere pleas should not be used to shield defendants against liability in related civil litigation. The fact that an admission of guilt in a criminal case might be used to undermine the defense of a civil suit will not ordinarily militate in favor of accepting a nolo plea.

In this instance, the Receiver believes that pleas of guilty would result in his being legally estopped from pursuing civil actions for professional malpractice on behalf of the Corporate Defendants, whereas nolo pleas will not have the same effect. This Court would be skeptical of such an argument if the civil case were for the benefit of the criminal Defendants. That, however, is not the situation here. The only potential beneficiaries of the civil action are the innocent creditors of the Corporate Defendants, including the Government. Under the circumstances of this case, there is value in allowing the civil litigation to proceed on its merits.

This factor weighs in favor of granting Corporate Defendants' motion to enter nolo contendere pleas.

*4. The Government will not lose any opportunity to recover assets upon entry of nolo contendere pleas.*

The entry of nolo contendere pleas in this case will in no way impair the ability of the Government to recover assets. Indeed, just the opposite is true. Due to its forfeiture judgment, the Government has a 97% interest in any assets recovered by the Receiver. The Corporate Defendants' only assets are potential causes of action for malpractice against professionals who might have breached their duty to the Corporate Defendants. Counsel for the Corporate Defendants argues—and counsel for the Government does not deny—that pleas of guilty will extinguish any hope for recovery.

*5. A trial in this case would be lengthy, complex, and expensive.*

The expense of trial is the most common basis argued for acceptance of a nolo contendere plea. Courts, however, should be vigilant in ensuring that that expediency does

not diminish the integrity of the judiciary.  The Government estimates that one to two months would be required to try this case.  Such a trial would be an expensive undertaking, but time and expense are not valid reasons for failing to proceed on the merits when an important principle is at stake.  The question here is what principle would be sacrificed by entry of nolo pleas.  As is apparent from this Order, there is none.

*6. Nolo contendere pleas will not economically benefit the Corporate Defendants.*

Ordinarily, an entity continues to exist indefinitely after conviction.  In such instances, a nolo contendere plea may provide a defendant with the opportunity to preserve prestige that would otherwise be lost with a guilty plea.  The defendant could maintain his innocence, contending that the decision to enter a nolo plea was a matter of cost savings or convenience.  Also, the use of a nolo plea might allow a defendant to avoid unfavorable publicity and interruption of business.  Such face-saving considerations might work to the economic advantage of corporate defendants that continue in business, and nolo pleas should not be allowed to be used to this effect. See United States v. Am. Bakeries Co., 284 F. Supp. 864, 868 (W.D. Mich. 1968).

In this case, however, the Corporate Defendants gain none of these advantages because they are in the process of being liquidated and will not survive conviction.  The wrongdoer is in prison, and neither the Corporate Defendants nor their principals will be in business after liquidation in the bankruptcy court.

*7. Nolo contendere pleas will not undermine the public's confidence in the criminal justice system.*

The public justifiably expects its courts to seek truth in transparent proceedings.  Nolo

contendere pleas should not be allowed to obfuscate the truth or withhold information from the public. If a defendant is allowed to enter a nolo contendere plea, the court should take steps to ensure that there is no confusion.

In the interest of transparency and clarity, prior to accepting the nolo contendere pleas this Court required the Government to provide a statement of the facts it could prove establishing the elements of the offenses to which the Corporate Defendants sought to enter pleas. This Court also required acknowledgment from the Corporate Defendants and their attorney that the Government could establish by competent evidence the facts included in the Government's statement. Finally, the Court required acknowledgment from the defendant and defense counsel that those facts, if believed by a jury, could result in a conviction.

*8. There is no risk of accepting a plea from an innocent defendant.*

One inherent risk of nolo contendere pleas is that the defendant is entering a plea for convenience and not because he is guilty. However, that is not an issue here. The Government has established guilt through the plea of Amodeo, and the Government was able to provide a factual basis for nolo contendere pleas in this case.

*9. The Government's view regarding the Corporate Defendants' requests to enter nolo contendere pleas has been considered but does not warrant rejection of the pleas.*

The Government's view as to whether a case should be disposed by way of a nolo contendere plea is an important consideration, but the prosecutor's consent to the entry of a nolo plea is not binding on the Court, which has discretion to accept or reject a proffered nolo plea regardless of the position taken by the Government. Specific reasons that a

prosecutor might offer based on the facts of a particular case will likely carry greater weight than general policies against the use of nolo pleas.

The Government does have a general policy disfavoring the use of nolo pleas. The U.S. Attorneys' Manual expressly prohibits U.S. Attorneys from consenting to nolo contendere pleas except in the most unusual circumstances, and even in such circumstances they must first get approval from one of several specified officials at the Department of Justice. U.S. Dep't of Justice, U.S. Attorneys' Manual § 9-16.010 (2008). Objections to nolo pleas based on this policy are entitled to some weight because the prosecutors are charged with the responsibility of vindicating public interests. Nonetheless, specific objections based on the facts of this particular case are tenuous and of little significance in deciding what is in the best interest of the public.

Early on in this case, the parties advised the Court that the case would likely be resolved by pleas. Later, the pleas were described as pleas of nolo contendere. The prosecutor advised the Court that he would have to seek approval of the U.S. Attorney—and, if the U.S. Attorney approved, then also from the Department of Justice— before consenting to nolo pleas. Eventually the Court learned that the U.S. Attorney had not approved the pleas. Thereafter, the Corporate Defendants filed their motion requesting that the Court accept their nolo pleas, and the Government filed its objection to that motion.

Essentially, the objection is based on the Government's view that the Receiver did not cooperate. The Government contends that the Receiver had earlier agreed to enter guilty pleas but changed his mind upon learning that the guilty pleas may be fatal to the professional malpractice claims on behalf of creditors of the Corporate Defendants. The

Government also claims that it has had disagreements with the Receiver during the bankruptcy proceedings pertaining to the ownership of the claims of Nexia Strategy Corporation[1] asserted in litigation pending against Palaxar Group, LLC.

There is no evidence or reason to conclude that either party has acted in bad faith in either this case or the bankruptcy proceedings. No rulings adverse to or critical of the Receiver have been entered by the bankruptcy court. Certainly there has been nothing brought to this Court's attention that would indicate that the Receiver has attempted to evade responsibilities in these proceedings. From the beginning, both sides worked diligently to resolve this matter without necessity of a trial.

The Court has considered the Government's policy against nolo contendere pleas as well as its reasons for objecting to the nolo contendere pleas in this particular case. The Government's objections are outweighed by other factors militating in favor of accepting the proffered nolo pleas.

*10. Policy considerations regarding forcing an innocent Receiver to go to trial or enter a guilty plea weigh in favor of allowance of the nolo contendere pleas.*

In this case, the Receiver contends that he cannot enter guilty pleas for two reasons. First, he has no firsthand information regarding the facts that would support such pleas. Second, he believes that if they entered guilty pleas, the Corporate Defendants would be estopped from pursuing professional malpractice claims. Without the option to enter nolo pleas, the Receiver would be forced to endure the rigors of a complex, lengthy, and

---

[1]Nexia Strategy Corporation is a wholly-owned subsidiary of Defendant Mirablis Ventures, Inc.

expensive trial. Forcing this choice is not good policy.

Courts routinely rely on lawyers, accountants, and experienced businesspeople to undertake the responsibilities of a receivership. These professionals assist courts in operating and liquidating businesses under difficult circumstances. They are often essential to the courts and to the creditors of the business in receivership. Requiring these trusted professionals to spend weeks observing—from a defendant's chair—trials with meaningless outcomes does not serve the interest of having highly qualified people serve as receivers.

*Conclusion*

In this case, allowing the Receiver to enter pleas of nolo contendere is singularly appropriate. After engaging in an analysis weighing the benefits of allowing nolo pleas against the costs of not doing so, the balance is sharply in favor of allowing the entry of the nolo pleas. The interests of the public in effective administration of justice are best served by allowing the Receiver to enter nolo contendere pleas on behalf of the Corporate Defendants.

There is no deterrent value in requiring a trial in this case. Mr. Amodeo, the person responsible for the conduct of the Corporate Defendants, is serving a substantial prison sentence which is a sufficient deterrent to similar criminal conduct. No other person responsible for criminal conduct escapes accountability under the law. The Receiver had nothing to do with the Corporate Defendants prior to their seeking protection in the bankruptcy court, and he cannot provide a factual basis in support of a guilty plea. Also, the Corporate Defendants will not save face or realize any economic benefit from entering the nolo pleas. Any success they might have in their professional malpractice claims would

enure entirely to the benefit of the Government and other creditors.

The acceptance of nolo contendere pleas in this case does not undermine the public's confidence in the judiciary or the criminal justice system. Just the opposite is true—public confidence would be enhanced by the efficient, fair, and transparent disposition of criminal charges. Transparency would be served by a statement of the facts supporting the Government's charges and a representation from the Government that it could prove the facts contained in the statement. Utilizing these tools, there is little chance of confusion as to what actually happened and gave rise to the charges.

Finally, the Court has taken into account the Government's objection to the entry of nolo pleas and the context in which the objection was made. The Court shares the Government's view that nolo pleas should be utilized only when the circumstances are compelling. The Court, however, believes the circumstances in this case are sufficiently compelling. The fact that the parties had disagreements in the bankruptcy proceedings and a misunderstanding as to whether the Receiver originally contemplated guilty pleas is of little import in light of the Court's view that nolo contendere pleas in this case are in the best interest of the public.

Based on the facts of this case, the Court exercises its discretion in favor of accepting the Corporate Defendants' nolo contendere pleas. Common sense compels this result. For these reasons, the Corporate Defendants' Motion for Court's Consent to Withdraw Plea of Not Guilty and Enter Plea of Nolo Contendere (Doc. 139) has been granted and the nolo contendere pleas have been accepted.

**DONE** and **ORDERED** in Orlando, Florida on this 17th day of June, 2010.

_____
JOHN ANTOON II
United States District Judge

Copies furnished to:
United States Marshal
United States Attorney
United States Probation Office
United States Pretrial Services Office
Counsel for Defendant
Aqmi Strategy Corporation
Presidion Solutions, Inc.
Professional Benefit Solutions